# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MAYTAG CORPORATION,<br><br>       Plaintiff,<br><br>vs.<br><br>ELECTROLUX HOME PRODUCTS, INC., *dba* FRIGIDAIRE,<br><br>       Defendant. | No. C04-4067-MWB<br><br>**PROTECTIVE ORDER** |

_____

Pursuant to Rule 26(c), Federal Rules of Civil Procedure, and the stipulations of the parties, and in order to facilitate discovery, particularly the exchange during discovery of documents, things, information, testimony, and other evidence that the parties may consider confidential business information, the court enters the following Protective Order:

    1.    Subject to the terms of this Protective Order, the parties may, in good faith, designate documents and things as either: (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," depending on the sensitivity of the document or thing.

        (a)    Documents and things may be designated as "CONFIDENTIAL" to the extent a party, in good faith, considers such document or thing to contain confidential or proprietary information.

(b) Documents and things may be designated as "CONFIDENTIAL - HIGHLY RESTRICTED" only to the extent a party, in good faith, considers such document or thing to contain information that would disclose confidential or proprietary (i) sales prices; (ii) sales by customer; (iii) customer lists or contact information; (iv) terms of business or proprietary information regarding business relationships with key customer accounts; (v) trade secrets within the meaning of the Uniform Trade Secrets Act; (vi) sales volume and revenue from the accused infringing products and any washing machines that incorporate the accused infringing products; (vii) structure of the accused infringing products; or (viii) information relating to the defendant's knowledge of the patents-in-suit.

(c) Documents and things may be designated as "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to the extent a party, in good faith, considers such document or thing to contain information that would disclose confidential or proprietary (i) methods and costs of production; (ii) 2004 or subsequent financial statements (including profit and loss statements, balance sheets, or operating results); (iii) strategic business plans (including financial and market analyses, forecasts, and budgets); (iv) product composition; (v) factory or production facilities, including equipment therein or layout thereof; (vi) chemical or component composition of product; (vii) market test results; or (viii) market intelligence.

2. With respect to all documents and things produced by a party to this action for inspection and copying which are designated as "CONFIDENTIAL" by the producing party, the documents and things, and the information contained therein, must be received and used only by the receiving party for purposes related to this action and not for promotional, competitive, or any other purposes. All persons other than (i) counsel of

record in this action and employees of such counsel ("Outside Counsel"), or (ii) the House Counsel and employees of same identified in paragraph 3, below, who are to receive materials which have been designated as "CONFIDENTIAL" first must be shown a copy of this Order and required to execute the Confidentiality Agreement attached hereto as Exhibit A.

    3. With respect to all documents and things produced by a party to this action for inspection and copying which are designated "CONFIDENTIAL - HIGHLY RESTRICTED" by the producing party, the documents and things, and the information contained therein, must be kept confidential by the receiving party, and must not be communicated by the receiving party in any manner, either directly or indirectly, to any person or entity, including the parties, other than to (i) Outside Counsel of record, and (ii) the House Counsel identified, respectively, below:

| | |
|---|---|
| Maytag Corporation: | A. Burgess Lowe<br>Bruce Watson<br>Kirk Goodwin |
| Electrolux, Inc.: | Lawrence G. Muscarella<br>George E. Hawranko<br>Annika Ryberg |

Furthermore, the documents and things, and the information contained therein, must be received and used by the receiving party only for purposes related to this action and not for promotional, competitive, or any other purposes.

    4. With respect to all documents and things produced by a party to this action for inspection and copying which are designated "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" by the producing party, the documents and things, and the information contained therein, must be kept confidential by the receiving party, and must not be communicated by the receiving party in any manner, either directly or indirectly,

to any person or entity, including the parties, other than to Outside Counsel. By way of example, in any brief or other submission by a party, prior to sending such brief or submission to the client or House Counsel for review, the Outside Counsel must redact any "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" materials, or references to such materials. Furthermore, the documents and things, and the information contained therein, must be received and used by the receiving party only for purposes related to this action and not for promotional, competitive, or any other purposes.

5. If depositions are conducted in this action which involve information designated by a party as (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL-HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," the content of such depositions may be marked and treated in the same manner as any documents and things otherwise subject to this Order. The portions of said depositions involving such information will be taken "*in camera*," with no one present except (a) Outside Counsel; (b) if applicable, the House Counsel identified in paragraph 3, above; (c) the reporter; (d) the deponent; and (e) such other persons as would be allowed to receive the information under paragraphs 2, 3, and 4 above, as the case may be. Counsel also will have twenty days after receipt of a deposition transcript to designate, in good faith, specific portions thereof as (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." If any such deposition testimony is filed with the court, it must be filed under seal pursuant to Local Rule 5.1(e), referencing this Order.

6. All persons, other than the parties, Outside Counsel, and, if applicable, the House Counsel designated in paragraph 3, above, present at the taking of the depositions in which (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," information is

involved, upon notice of the terms of this Order, are hereby enjoined from disclosing such information to any other person not authorized under this Order to receive such information or the testimony of the deponent regarding such information.

7. Documents and things designated as (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," the information contained in such documents and things, and deposition testimony and transcripts relating to such documents and things may be disclosed to expert(s) for the parties who are not currently involved in the development, marketing, sale, or production of devices covered by or referenced in the claims of the patents-in-suit, who are not and have not been in the past three years an employee of the opposing party, and who are retained by a party solely for the purposes of this matter. Prior to disclosure of (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," information to such expert(s), said expert(s) must be provided with a copy of this Order and must execute a statement (Exhibit "A") averring that they have read and understand this Order and agree to be bound by its terms.

8. Documents and things designated as (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," the information contained in such documents and things, and deposition testimony and transcripts relating to such documents and things also may be disclosed, subject to compliance with the terms of this paragraph, to designated experts for the parties who are in some way involved in the development, marketing, sale, or production of devices related to the subject matter of the patents-in-suit and other related technology; provided, however, that prior to disclosure of (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or

(iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," information to expert(s) having some involvement in the field of the patents-in-suit and related technology: (a) such expert(s) must be provided with a copy of this Order and must execute a statement (Exhibit "A") averring that they have read and understand this Order and agree to be bound by its terms; AND (b) counsel for the party receiving information designated (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," by the producing party must notify counsel for the producing party, in writing, of his or her intent to disclose such information, and must identify the expert(s) to whom such disclosure is contemplated. The party receiving such notice will have ten days from receipt of same to object, in writing, to such disclosure. Upon such objection, this court will rule on such objection and determine whether such disclosure may be made. Until the court has ruled on the objection, the objected disclosure must not be made.

9. If a party wishes to submit to the court any information identified as (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," the party must file the information with the Clerk of Court in a sealed envelope or other appropriate sealed container, and properly identify the information as "SEALED PURSUANT TO COURT ORDER ENTERED MAY 2, 2005," as required by Local Rule 5.1(e).

10. Materials identified pursuant to this Order as "CONFIDENTIAL - HIGHLY RESTRICTED," or "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" may be disclosed and offered into evidence during any hearing or trial in this case. However, prior to such offer, the party seeking to offer the materials must notify the other party of its intention in writing at least ten court days prior to the date of the hearing or trial. Any

objections to the offer of the materials must be filed with the court at least three court days before the date of the hearing or trial.

11. Acceptance by a party of any information, document, or thing identified as (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," hereunder will not constitute a concession that the information, document, or thing is confidential or a trade secret or that it has been designated properly as such.

12. Those documents, deposition transcripts or other information identified by any party as (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," and all copies thereof, must be retained at the offices of counsel for the receiving party, and within thirty days of the termination of this action, unless otherwise ordered by the court, either must be returned to the party producing such document, transcript, or information or must be destroyed. To the extent the receiving party destroys materials pursuant to this paragraph, it must certify such destruction, in writing, to the Outside Counsel for the producing party within thirty days of the termination of this action.

13. Any party will have the right to challenge any designation by seeking an order of the court with respect to any information, documents, or things designated by the producing party as (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." Before seeking any relief from the court under this paragraph, the parties must make a good faith effort to resolve any disputes concerning the treatment of any such information. A party will be entitled to apply for sanctions pursuant to Rule 37, Federal Rules of Civil Procedure, for any designations not made in good faith as required by this Order.

14. If, through inadvertence, error or oversight, a party fails to designate properly a document, tangible thing, or information as (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," at the time of production or disclosure, that party must notify the receiving party of such error or oversight promptly as soon as such error or oversight is discovered, and must specify in such notice the particular document(s), tangible thing(s), or information to be reclassified as (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." Thereafter, the receiving party must treat such document(s), tangible thing(s), or information in the same manner as if it had been properly designated or classified originally. Furthermore, any party who has received such re-classified information and has not agreed to be bound by this Order must execute a statement (Exhibit "A") averring that they have read and understand this Order and agree to be bound by its terms. The receiving party will have ten days from the receipt of such notice of reclassification to object to such reclassification in writing. Upon such a timely objection being made, this court will determine whether such material properly can be reclassified. Until such a ruling is made by this court, the receiving party must treat such document(s), tangible thing(s), or information in the same manner as if it initially had been designated as (i) "CONFIDENTIAL," (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

15. If a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order with respect to any confidential information provided to the parties by so advising all parties to this action in writing. Any such non-party may

appear in this action in order to file motions and oppose motions, as necessary, to protect such non-party's rights in its information.

16. Nothing in this Order will:

(a) Limit a receiving party's use of documents and information obtained other than through discovery in the relevant action or which, even though obtained through discovery in the relevant action, becomes publicly available through no fault of the receiving party.

(b) Limit the right of the producing party to disclose confidential information produced by the producing party, such disclosure not being subject to the protective procedures set forth in this Order, and such disclosure by the producing party will not result in waiver of the claimed confidentiality except to the extent the disclosure makes the confidential information a matter of public record.

(c) Limit, expand, or restrict any right of any party to resist or compel discovery with respect to materials that the party may claim to be privileged or otherwise not discoverable in this action, or the right of any party to seek additional protection pursuant to the Federal Rules of Civil Procedure.

(d) Limit or restrict the right of any party to attach to or incorporate the content of any confidential information in any paper filed with the court.

17. This Order is effective as of the date it is docketed in the case.

18. After termination of the relevant action, this Order will continue to be binding upon the parties hereto, and all persons to whom confidential information has been disclosed or communicated.

19. All time periods contained in this Order will be computed pursuant to Rule 6, Federal Rules of Civil Procedure.

20. This Order may be modified only by an order of this court.

**IT IS SO ORDERED.**

**DATED** this 2nd day of May, 2005.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

# **EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

MAYTAG CORPORATION,

    Plaintiff,

vs.

ELECTROLUX HOME PRODUCTS, INC., *dba* FRIGIDAIRE,

    Defendant.

No. C04-4067-MWB

**CONFIDENTIALITY AGREEMENT**

    The undersigned has been provided a copy of the Protective Order entered in this case and dated May 2, 2005, governing the restricted use of documents and other information designated as (i) "CONFIDENTIAL, (ii) "CONFIDENTIAL - HIGHLY RESTRICTED," or (iii) "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." The undersigned has read and understood the Protective Order, hereby agrees to be bound by the terms thereof, and consents to the jurisdiction and contempt power of the court with respect to its enforcement.

Dated:_____    _____
                                                         Signature