# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MAYTAG CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>ELECTROLUX HOME PRODUCTS, INC., *dba* FRIGIDAIRE,<br><br>    Defendant. | No. C04-4067-MWB<br><br>**ORDER** |

_____

This matter is before the court on the plaintiff's motion (Doc. No. 101) to quash the deposition subpoena of Burgess Lowe, plaintiff's in-house counsel, and for a protective order preventing the defendant from deposing Lowe. The court heard oral arguments of counsel on the motion, and after considering the same and reviewing the relevant law, rules as follows.

The court finds the defendant has failed to make a sufficient showing to depose Lowe as required by *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). The court overrules the defendant's argument that *Shelton* is modified, for purposes of this case, by *Judin v. United States*, 110 F. 3d 780 (Fed. Cir. 1997), or *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002). During the hearing, defense counsel stated the primary purpose for deposing Lowe would be to determine whether any basis exists to allege a violation of Federal Rule of Civil Procedure 11 in connection with the filing of the Complaint in this action. Neither *Pamidai* nor *Judin* would allow the defendant to depose the plaintiff's in-house counsel for that purpose, and the defendant was unable to cite to authority from any jurisdiction that would allow the requested discovery for the

stated purpose. Further, the defendant has failed to make an adequate showing that would allow Lowe's deposition for any other purpose.

Accordingly, the motion is **granted**. The deposition subpoena is quashed, and the defendant is prohibited from deposing Lowe.

**IT IS SO ORDERED.**

**DATED** this 21st day of November, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT