# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MAYTAG CORPORATION,<br><br>       Plaintiff,<br><br>vs.<br><br>ELECTROLUX HOME PRODUCTS, INC., d/b/a FRIGIDAIRE,<br><br>       Defendant. | No. C 04-4067-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING THE DEFENDANT'S BILL OF COSTS AND THE PLAINTIFF'S MOTION TO STAY TAXATION OF COSTS PENDING APPEAL** |

_____

On September 8, 2006, this court entered a Memorandum Opinion And Order Regarding The Parties' Motions For Summary Judgment (docket no. 214), in which the court declared plaintiff Maytag's patents-in-suit invalid, denied Maytag any and all relief, and directed that judgment enter in favor of defendant Electrolux. Judgment entered accordingly on September 12, 2006 (docket no. 214). This matter now comes before the court pursuant to Electrolux's September 26, 2006, Bill Of Costs (docket no. 217), seeking $59,132.13 in costs, to which Maytag filed Objections on October 16, 2006 (docket no. 221). This matter also comes before the court pursuant to Maytag's October 16, 2006, Motion To Stay Taxation Of Costs Pending Appeal (docket no. 222), to which Electrolux filed an Opposition on October 30, 2006 (docket no. 224). Electrolux's Opposition also incorporated Electrolux's reply to Maytag's Objections to Electrolux's Bill of Costs.

Logically, disposition of Maytag's motion to stay taxation of costs should precede determination of what costs, if any, to award. In support of its request to stay the taxation of costs pending appeal, Maytag asserts that this was a "close" case. Maytag argues that,

if its appeal is successful, Electrolux will no longer be a prevailing party, so that any award of costs to Electrolux will have to be vacated, resulting in a waste of judicial resources. Maytag also contends that, even if Electrolux still prevails on appeal, costs will have to be recomputed, because Electrolux will also likely seek to recover its costs on appeal. Maytag contends that staying the taxation of costs pending the outcome of the appeal, on the other hand, minimizes the expenditure of judicial resources and the possibility that any costs awarded will have to be repaid to Maytag with interest. In response, Electrolux argues that there is no "close case" exception to the rule that a prevailing party should be awarded costs as a matter of course. Electrolux also argues that the mere hope of reversal on appeal does not warrant a stay on the taxation of costs, and that Maytag will suffer no prejudice if costs are imposed immediately.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d). The Eighth Circuit Court of Appeals[1] has recognized that "Rule 54(d) presumes an award of costs to the prevailing party." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006). Despite such a presumption, Maytag argues that it is common for a losing party to request a stay of the taxation of costs pending appeal, citing *How v. City of Baxter Springs, Kan.*, 2006 WL 1128667, * 1 (D. Kan. April 26, 2006).

---

[1] No party has suggested that the award of costs is a matter of "substantive patent law" or a "procedural issue[] pertaining to patent law," so that the court finds that it is a matter in this patent litigation on which the law of the regional circuit applies. *See, e.g., Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1378-79 (Fed. Cir. 2005) (citing *Institut Pasteur v. Cambridge Biotech Corp.*, 186 F.3d 1356, 1368 (Fed. Cir. 1999)).

A district court in this circuit recognized long ago that Rule 54(d) does not provide any timetable or time restrictions for the taxation of costs, but neither is it mandatory to stay taxation of costs until final disposition of all appeals and petitions for certiorari; thus, whether or not to stay an award of costs is within the sound discretion of the court. *See American Infra-Red Radiant Co. v. Lambert Indus., Inc.*, 41 F.R.D. 161, 163 (D. Minn. 1966); *accord Estate of Pidcock v. Sunnyland Am., Inc.*, 726 F. Supp. 1322, 1341 (S.D. Ga. 1989) ("In its discretion, however, the Court may postpone the awarding of costs until the resolution of the post-trial motions or even the resolution of any appeal."). No clear standard has developed to guide district courts in the exercise of their discretion in deciding whether or not to stay the taxation of costs pending appeal, but the consensus seems to be that the court must have some valid reason for not awarding costs at the customary stage of the proceedings. *See, e.g., Holley v. Giles County, Tenn.*, 2005 WL 2230081, *2 (M.D. Tenn. Sept. 12, 2005) (slip op.).

Maytag has offered no persuasive reason for staying the taxation of costs in this case. In *How*, on which Maytag relies, the court deemed it appropriate to grant a stay on the taxation of costs when the motion to stay was not contested by the opposing parties. *See How*, 2006 WL 1128667 at *1. In this case, however, Electrolux timely resisted Maytag's request for a stay on the taxation of costs, so acquiescence is not a "valid reason" for a stay in this case. Maytag has cited no authority supporting its contention that the award of costs should be stayed, because the case was a "close one," and the court has found no such authority. Moreover, although the court may have found that various issues in this case were "close," the court did not find that the grounds upon which the parties' motions for summary judgment were ultimately decided were particularly "close." Another district court has also rejected a contention, like Maytag's, that taxation of costs should be delayed simply because of the possibility that the underlying judgment could be

reversed on appeal. *See, e.g., Le Moine v. Combined Comms. Corp.*, 1996 WL 435115, *1 (N.D. Ill. 1996) (slip op.). This court agrees that the possibility of reversal on appeal is not a "valid reason," standing alone, to stay taxation of costs. The possibility of reversal exists any time one party appeals a decision, but Rule 54(d) nevertheless contemplates the award of costs to the prevailing party "as of course" at the time of judgment. FED. R. CIV. P. 54(d); *see also* 28 U.S.C. § 1920 (providing that costs allowed shall be "included in the judgment or decree"). The possibility that the underlying judgment might be reversed, with the result that the award of costs must also be reversed, is simply too speculative to outweigh the benefit of the trial court conducting a review of the bill of costs while the case is still fresh. *Le Moine*, 1996 WL 435115 at *1 (also finding it preferable for the court to review the bill of costs while the case was still fresh). The marginal difficulties of vacating an award of costs, upon which Maytag also relies, simply do not justify a stay based on the losing party's speculation that it might do better on appeal. Finally, the court notes that far more judicial resources have been expended to resolve the parties' dispute over whether or not to stay the taxation of costs than could possibly have been saved by delaying the taxation of costs to a later date, so that Maytag's judicial economy argument also is not persuasive. Therefore, the court will deny Maytag's motion to stay the taxation of costs.

Turning to Electrolux's Bill Of Costs, itself, "the district court has substantial discretion in awarding costs." *Marmo*, 457 F.3d at 762 (citing *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir.2000), and also noting that the rule is phrased in "permissive terms," so that a court may refuse to tax costs in favor of a prevailing party). Thus, awards of costs are reviewed for abuse of discretion. *Id.*; *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (also recognizing that courts have substantial discretion in awarding costs). Even under an "abuse of discretion"

standard, however, the costs awarded "must be set out in 28 U.S.C. § 1920 or some other statutory authorization." *Smith*, 436 F.3d at 889 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987)). Section 1920 authorizes the taxation as costs of the following items:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The statute provides that fees allowed shall be "included in the judgment or decree." *Id*.

Maytag contends that some of the costs claimed by Electrolux should not be allowed. Electrolux contends that none of its costs should be deducted, because there is no indication that its conduct has been vexatious, Maytag is able to pay the costs, and there is no other sound basis for denying the costs claimed.

More specifically, Maytag challenges certain costs relating to depositions as duplicative and excessive. First, Maytag contends that the court should reduce the bill of costs by $29,235.10 for duplicative and unnecessary costs of videotaping depositions in addition to transcribing them, noting that some of the invoices submitted by Electrolux do not distinguish between costs for videographic and stenographic services. Maytag argues that 28 U.S.C. § 1920 authorizes only "stenographic" costs for depositions, not the costs

5

of video recording depositions. In response, Electrolux asserts that numerous courts have recognized that § 1920 does not preclude an award of the costs of video-recording of depositions and, instead, have found that the statute implicitly permits the taxation of such deposition costs. Electrolux also asserts that Maytag video-recorded all of its own depositions, so that Maytag recognized the value of such depositions for presentation of a case of this nature in the available high-tech courtroom. Thus, Electrolux contends that Maytag's assertion that the video-recording costs are "excessive" and "unnecessary" simply does not ring true.

A majority of courts has recognized that, notwithstanding the express reference in § 1920(2) to costs for "stenographic transcript[s]," courts may properly award the costs of video-recording as well as transcribing a deposition. *See, e.g., BDT Prods, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 4125, 420 (6th Cir. 2005) (relying on *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997), as providing the rationale for awarding such costs); *Arcadian Fertlizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1297 n.5 (11th Cir. 2001) (courts may tax the costs of videotaped depositions if the requirements of *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996), are met); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448-49 (4th Cir. 1999) (agreeing with the Tenth Circuit Court of Appeals in *Tilton* that section 1920(2) implicitly permits taxation of costs of video depositions); *Tilton*, 115 F.3d at 1477 (holding that § 1920(2) "implicitly permits taxation of the costs of video depositions," and seeing "no reason to penalize a prevailing party because the party has chosen to preserve and present testimony through a videotape instead of a printed transcript"); *but see Gaddis v. United States*, 381 F.3d 444, 476 (5th Cir. 2004) (relying on *Mota v. University of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529-30 (5th Cir. 2001), to hold that § 1920 does not

list costs of videotaped depositions as permissible costs, so that such costs could not be awarded).[2]

Here, the court acknowledges, as it must, that § 1920(2) refers only to the taxation of the costs of the "*stenographic* transcript." *See* 28 U.S.C. § 1920(2) (emphasis added). The court also agrees that § 1920, nevertheless, implicitly permits the taxation of costs of video depositions, not merely those preserved by stenographic means. For example, in *Tilton*, 115 F.3d at 1477, the Tenth Circuit Court of Appeals found such implicit permission to recover the costs of video-recorded depositions by reading § 1920(2) in conjunction with Rule 30(b)(2)-(3), which permits both the party requesting the deposition and the deponent to specify methods for recording the deposition other than or in addition to stenographic means. As the court explained in *Tilton*, there is "no reason to penalize a prevailing party because the party has chosen to preserve and present testimony through a videotape instead of a printed transcript." Moreover, in *Morrison*, the Eleventh Circuit Court of Appeals reasoned that, "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison*, 97 F.3d at 464-65.

In this case, Electrolux's use of video-recording as well as stenographic recording of the depositions was permitted by Rule 30 and recovery of the costs of such depositions is "implicitly" permitted by § 1920. *Tilton*, 115 F.3d at 1477. Furthermore, there is no showing that Maytag objected when Electrolux gave notice that the depositions in question

---

[2]There appears to be an internal split on the question in the Fifth Circuit. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998) (including the costs of videotaping a deposition as taxable costs under § 1920).

would be recorded by nonstenographic as well as stenographic means, so it is appropriate to award the costs of conducting the deposition in the manner noticed. *Morrison*, 97 F.3d at 464-65. Indeed, Maytag also noticed depositions for stenographic and nonstenographic recording, and it is reasonable to assume that, had Maytag prevailed, it would also have sought the costs of videotaping the depositions that it used.

Even though, as a general matter, recovery of costs of video-recording depositions is permissible, the court must determine whether Electrolux reasonably incurred the costs of both videorecording and stenographically recording the depositions for "use in the case." *See Tilton*, 115 F.3d at 1477 (considering this inquiry, even after holding that taxation of video depositions was permitted); *accord Cherry*, 186 F.3d at 448-49 (the conclusion that § 1920(2) implicitly permits recovery of costs of video-recording depositions does not necessarily warrant awarding costs for both transcribing and videotaping the deposition, without a showing that both costs were "necessarily obtained for use in the case" as required by the statute). Electrolux contends that video-recording *and* stenographic recording of the depositions was appropriate, owing to the nature of the case and the availability of a high-tech courtroom, which made video-recording of depositions a particularly efficient and effective way to present deposition testimony to the jury. The court agrees that both video-recording and stenographic recording of the depositions in this patent case was appropriate. The nature of the deposition testimony concerning minutiae of the patents and the accused devices would doubtless have been clearer for a jury in video-recorded format, while consideration of stenographic transcripts of depositions was particularly appropriate for pre-trial submissions to the court. In other words, the court does not find that using both video- and stenographic recording of depositions was duplicative in the circumstances of this case and that both formats were "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2); *see also Smith*, 436

F.3d at 889 (the costs awarded "must be set out in 28 U.S.C. § 1920 or some other statutory authorization"). Therefore, the court will not strike the costs claimed by Electrolux for video-recording of depositions, in addition to stenographic recording, from Electrolux's Bill Of Costs.

Next, Maytag contends that $2,980.21 should be deducted from Electrolux's Bill Of Costs for unnecessary expenses to expedite hearing transcripts and to produce those transcripts in "min-u-script" format, *i.e.*, with several deposition transcript pages to a single sheet of 8 1/2 x 11 paper. Electrolux, however, contends that obtaining the deposition transcripts in "min-u-script" format ultimately saved the parties money on copy costs and made appendices less bulky.

The award of such costs is authorized by both § 1920(2) (costs for transcripts) and § 1920(4) (costs for copies of papers necessarily obtained for use in the case). Once the prevailing party has demonstrated that particular costs are statutorily authorized, the non-prevailing party bears the burden of showing that the costs are otherwise improper. *See, e.g., Cantrell v. IBEL Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995). This court agrees with Maytag that claimed costs would be "otherwise improper" if they were unnecessary, excessive, or duplicative. However, the court does not find that the costs claimed in this case for expedited transcripts or "min-u-script" format transcripts were unnecessary, excessive, or duplicative. Maytag has failed to convince the court that it was improper for Electrolux to request expedited transcripts, in the context of this complex and deadline-sensitive litigation, and as Electrolux contends, obtaining the transcripts in "min-u-script" format may have increased initial costs, but ultimately resulted in savings in copy costs and convenience, to the court as well as the parties, that more than offset any initial increase. Therefore, Maytag's request to strike these costs will also be denied.

THEREFORE,

1.    Maytag's October 16, 2006, Motion To Stay Taxation Of Costs Pending Appeal (docket no. 222) is **denied**.

2.    Maytag's October 16, 2006, Objections (docket no. 221) to Electrolux's Bill of Costs are **overruled**, and pursuant to Electrolux's September 26, 2006, Bill Of Costs (docket no. 217), the court awards Electrolux costs in the amount of $59,132.13.

**IT IS SO ORDERED.**

**DATED** this 11th day of December, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA